MRS. LEONA SMITH ET AL. v. INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY.

Decided January 23, 1907.

1.—Impeachment of Witness—Showing Former Testimony.

Where a witness admits having made, in his former testimony, the statement relied on to impeach that now given and asserts its truth, there was no error committed in refusing to permit his former testimony, as taken by the official stenographer to be read.

Vol. XLV. Civil—6.

**2.—Evidence—Inference of Witness.**

The testimony of an eye witness to a fatal accident to a switchman that the latter's club hung under the lift chain "turning him round far enough to throw his feet off the brake-beam," was a statement of fact involving no more of inference than is usual and permissible in describing things personally observed.

**3.—Charge—Error—Requested Instruction.**

The giving a requested instruction submitting an hypothesis under which plaintiff might recover did not cure the error in the main charge which affirmatively excluded consideration of such state of facts as a ground for recovery.

**4.—Negligence—Pleading—Evidence.**

Pleading and evidence thereunder considered and held sufficient to raise an issue as to the negligence of a railway company, causing the death of a switchman engaged in uncoupling cars to be kicked in upon a siding, such negligence consisting in the giving a stop signal to the engineer by the foreman, before deceased, who was standing on the brake-beam, had signified his readiness therefor, and at a time when his club was caught under the lift chain of the coupling machinery.

**5.—Same—Discovered Peril.**

Pleading and evidence considered and held sufficient to raise the issue of negligence after discovered peril and require the giving of a requested instruction thereon.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*J. E. Yantis* and *Cockrell & Gray,* for appellants.—The fact that a witness will not positively deny statements attributed to him on a former trial, but simply qualifies, limits, evades or explains his former evidence does not deprive the adverse party of the right to impeach the witness by showing what his former evidence was. Dallas Consolidated E. Ry. Co. v. McAllister, 14 Texas Ct. Rep., 388; Parlin & Orendorff v. Miller, 1 Texas Ct. Rep., 730; Southwestern Coal & Imp. Co. v. Rohr, 15 Texas Civ. App., 404; Hord v. Gulf, C. & S. F. Ry. Co., 8 Texas Ct. Rep., 259; Hall v. Clountz, 63 S. W. Rep., 942; 30 Am. and Eng. Ency. of Law (2d ed.), 1130.

A witness should be permitted to testify only as to the facts, and not as to conclusions; nor as to the effect of the facts stated, which constitute the opinion of the witness. Harris v. Nations, 79 Texas, 413; Galveston, H. & S. A. Ry. Co. v. Sweeney, 24 S. W. Rep., 947; Kansas & G. S. L. Ry. Co. v. Scott, 20 S. W. Rep., 725; Clardy v. Callicoate, 24 Texas, 172.

When there is an omission in the charge of the court of an issue raised by the pleading and the omission is called to the court's attention by special charge, the special charge should be given if correct and if not correct the issue should then be submitted by a proper charge from the court. Burke v. Holmes, 68 S. W. Rep., 52; Gulf, C. & S. F. Ry. Co. v. Hodges, 76 Texas, 91; Berry v. Texas & N. O. Ry. Co., 72 Texas, 620; Kirby v. Estill, 75 Texas, 487; Freybe v. Tiernan, 76 Texas, 291; Williams v. Emberson, 55 S. W. Rep., 595.

The fact that defendant's foreman denied a knowledge of the position of peril in which deceased had placed himself did not justify the refusal of the court to submit the issue of discovered peril to the jury when the

circumstances showed that the foreman did know of his situation and when he practically admitted such knowledge on cross examination. Brown v. Griffin, 71 Texas, 657; Ft. Worth & D. C. Ry. Co. v. Shetter, 59 S. W. Rep., 532; San Antonio & A. P. Ry. Co. v. Brock, 9 Texas Ct. Rep., 456.

When the general charge is contradictory of and in conflict with special charges given at the request of one of the parties confusion to the minds of the jury necessarily results. Edwards v. Dickson, 66 Texas, 613; Missouri, K. & T. Ry. Co. v. Woods, 25 S. W. Rep., 742; Galveston, H. & S. A. Ry. Co. v. Gormley, 27 S. W. Rep., 1053.

*John M. King* and *Baker & Thomas,* for appellee.—Appellants read the questions propounded and the answers thereto, adduced upon said former trial and the witness O'Toole swore to the same facts on both trials. Conts v. Neer, 70 Texas, 474; Mullen v. Galveston, H. & S. A. Ry. Co., 92 S. W. Rep., 1000.

There was no evidence which tended to show that O'Toole knew that the deceased was in danger, therefore the court properly refused to submit the issue of discovered peril. Texas & Pac. Ry. Co. v. Breadow, 90 Texas, 31; Ft. Worth & D. C. Ry. Co. v. Shetter, 94 Texas, 199.

Where no other verdict could properly have been rendered by the jury except one for the appellee, this court will not reverse because erroneous instructions may have been given, the party complaining has not been prejudiced and the objections become immaterial. Bowles v. Brice, 66 Texas, 731; Erwin v. Bowman, 51 Texas, 518; Galveston, H. & S. A. Ry. Co. v. Delahunty, 53 Texas, 212; City of Galveston v. Morton, 58 Texas, 416; Dotson v. Moss, 58 Texas, 155; Gaston v. Dashiell, 55 Texas, 520.

EIDSON, ASSOCIATE JUSTICE.—This suit was brought in the court below by appellants, the widow and minor children of Edwin O. Smith, deceased, against appellee to recover damages for the alleged negligent killing of the deceased husband and father in the Mart yards of appellee, during an attempt to place a flat car upon a switch by the process of what is called "kicking." The trial in the court below before a jury resulted in a verdict and judgment in favor of appellee, and appellants have perfected an appeal to this court.

We do not think there was any error in the action of the court below complained of in appellant's first assignment of error. The witness sought to be impeached by showing his testimony on the former occasion was different from that on his direct examination on this trial, on cross examination, in effect, admitted his testimony on the former occasion to have been as appellants claimed, and swore that it was true. Hence appellants could not have been in any wise injured by the court's not permitting them to read in evidence the former testimony of the witness.

Appellant's second assignment of error complains of the failure of the court below to exclude a portion of the answer of the witness O'Toole to an interrogatory propounded to him by appellants. The answer of the witness was as follows: "When I had the car going fast enough to run in clear rip track number 1, I gave the engineer, Bartlett, the signal to stop. When he put on his air to stop, the cars separated. Smith's

club hung under the lift-chain of the flat car, *turning him around far enough to throw his feet off of the brake-beam.* His feet struck the ground breaking his hold loose from the grab-iron and causing the front wheel of the truck to run over his leg." And the part italicised is the portion claimed to have been excluded. We think the testimony sought to be excluded was the statement of a fact based on the personal observation of the witness, and hence within his perception and knowledge, and was, therefore, admissible. The statement of almost any fact embraces within it some element of inference, and is, to some extent, the result of a process of reasoning; but the statement under consideration does not involve an inference or conclusion upon the part of the witness to any greater extent than as usual in the statement of any ordinary matter of fact. (Elliott on Ev., secs. 682, 686.)

Appellants' third assignment of error is as follows: "The court erred in instructing the jury in paragraph number 7 that if they did not find for the plaintiffs under the instructions theretofore given them, they should find for the defendant, without looking further, because the only basis for recovery theretofore given by the court and the only theories on which the plaintiffs could recover as theretofore given by the court were in subdivision 6 of the charge, which subdivision 6 excluded as a ground of recovery the negligence charged by the plaintiffs in O'Toole having given the stop signal while he saw that the brake-club used by the deceased in uncoupling the cars was hung under the lift-chain of the coupler; and said subdivision only permitted a recovery in the event that said O'Toole without direction from or warning to the deceased gave the stop signal and on the further condition that the jury believed that the said stop signal should have been given only by the deceased, or at his instance after he had signified his readiness therefor; while the plaintiffs' pleadings charged that it was negligence for O'Toole to give the stop signal while the brake-club was under the lift-chain and thereby the deceased was jerked from the car. This theory is wholly excluded as a ground of recovery by the charge of the court, section number 7, wherein this language is used: 'If you do not find for the plaintiffs under the foregoing instructions, you will find for the defendants without looking further.' Said paragraph 6 and the portion of paragraph 7 of the charges are directly contradictory to special charge number 6, requested by the plaintiffs and given by the court, and wholly destroys the force of said special charge." And the fourth assignment, which is presented with the third, complains of the refusal of the court below to give to the jury appellants' requested special charge number A1, which is as follows: "You are instructed that if you believe from the evidence that at the time of the accident to the deceased, or immediately before, the witness O'Toole saw that the brake-club used by him in uncoupling the cars was hung under the lift-chain and that said O'Toole after seeing said condition, nevertheless gave the stop signal, and if you further believe that it was negligence on the part of said O'Toole to give the stop signal under such circumstances then the plaintiffs would be entitled to recover unless you find for defendant under other portions of the charge."

The only paragraph of the charge of the court which permitted a recovery by appellants was paragraph 6, which is as follows:

"Now if you believe from the evidence that while deceased was standing on the brake-beam of the box car to which the flat car was immediately attached, and while said cars were being driven forward to give the flat car the desired momentum, the defendant's foreman, O'Toole, without direction from or warning to deceased gave to the engineer the stop signal, and that in obedience to said stop signal the engineer immediately and suddenly checked the speed of the train unexpectedly to deceased, and thereby caused him to loose his hold and fall from said car and receive the injuries complained of, and if you further believe that said stop signal should have been given only by deceased or at his instance after he had signified his readiness therefor, and that it was negligence on the part of said O'Toole, as negligence is elsewhere defined, to give said signal under the circumstances without direction from or warning to deceased, and if you further believe that said negligence, if any, was the direct and proximate cause of the injuries to, and the death of, deceased, then and in that event you will find for the plaintiffs, Leona Smith, Adina Smith and Edwin O. Smith; and the burden of proof rests upon the plaintiffs to establish such facts by a preponderance of the evidence."

Paragraph 7 of the court's main charge, which immediately follows paragraph 6 just quoted, begins as follows: "On the contrary, if you do not find for the plaintiffs under the foregoing instructions, you will find for the defendant without looking further." Paragraph 7 then proceeds to instruct the jury as to contributory negligence upon the part of the deceased Smith and risks assumed by him, and concludes by instructing them to the effect that if they find that the deceased was guilty of contributory negligence or assumed the risk, they would find for the defendant, unless they found for plaintiffs under special charge given at the request of plaintiffs. The only special charges given at the request of plaintiffs were those numbered 5 and 6. The former instructed the jury to the effect that the proffers of certain employes of appellee to perform the duties in the performance of which deceased was injured, would not render him guilty of contributory negligence if deceased, in the performance of said duties, acted with proper care. The latter was as follows:

"If you believe that deceased was guilty of contributory negligence in getting on the brake-beam of the box car with a view to uncoupling the flat car, and also in using a defective brake-club, as claimed by defendant, or in either of such particulars, and if you believe that both or either of such acts of alleged contributory negligence contributed in part to cause the injuries to deceased, but if you further believe that O'Toole thereafter was also guilty of negligence, as elsewhere defined, in giving the stop signal to the engineer without direction from or notice to deceased, and if you believe that but for such negligence, if any, on the part of O'Toole, said injuries would not have happened, then in such event plaintiffs would be entitled to recover notwithstanding deceased's contributory negligence and you should find in their favor if you so believe."

The jury was not prevented from considering appellants' special charges numbers 5 and 6 by any instructions contained in the main charge of the court, but the main charge of the court, in connection

with the special charges given at the request of the appellants, only permitted a recovery by them in the event O'Toole, without direction from or warning to the deceased, gave the stop signal. We find in appellants' petition these allegations:. "That said O'Toole was in full view of deceased and gave said signal while he saw deceased still in the act of uncoupling or attempting to uncouple said car by the use of the brake-club, which he held in his hand, and the other end of which was under the lift-chain of the coupling apparatus, and said signal was given negligently before the said club was free from the lift-chain and after said O'Toole knew of and discovered the perilous position of the deceased; and all the said acts of negligence of the defendant were the direct and proximate cause of the death of the deceased."

We think the above allegations raised the issue submitted in appellants' special requested charge number A1 and which was refused by the court. The testimony of O'Toole, while to some extent contradictory, tended to show that deceased had uncoupled the cars by the use of a brake-club and that in doing so he had placed the club under the lift-chain holding same with his right hand; that the club remained under the lift-chain after the uncoupling had been effected, deceased still holding on to it; that there was no necessity or reason for the club to remain under the lift-chain after the uncoupling had been made, as if taken out the cars would remain uncoupled unless hit together again. The proof showed that the cars ran some distance after the uncoupling had been effected and before the stop signal was given, and during this time the brake-club remained under the lift-chain; and, in view of these circumstances, the witness O'Toole was asked the following questions and answered them as stated below: ·

"Q. And all that time, then, he had that pin still hung under there, didn't he?

"A. He had the club under the chain.

"Q. The club was still hung under there?

"A. Yes, sir.

"Q. When he went past Gaulding at the switch it was still uncoupled?

"A. Yes, sir.

"Q. Now, you say all the way up there that he had that club under the chain after it was uncoupled, don't you?

"A. Yes, sir."

We think this testimony tended to prove the issue submitted by said special charge, and its refusal was reversible error.

Appellants' requested special charge number A3 related to the same subject matter as the one just considered, and it was not necessary or proper for the court to give both.

Appellant's fifth and sixth assignments of error complain of the refusal of the court to give to the jury certain requested special charges upon the issue of discovered peril. We are of opinion that appellants' pleadings raised the issue of discovered peril and that there was evidence tending to support such issue, and therefore the court below should have given to the jury a proper charge submitting that issue. It was not required that the court below should have given both of the requested special charges upon that issue, but it was error not to give one

of them, and we would suggest that, as the one embraced in appellants' fifth assignment of error appears to be more full and specific than the other, the court below, upon another trial, should give to the jury the former.

We have carefully examined all of the other assignments of error embraced in appellants' brief, and are of opinion that none of them present reversible error.

For the errors indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*